FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA** 2021 NOV -1  PH 12: 48

OFFICE OF THE CLERK

| | |
|---|---|
| **ALEXANDER GEORGE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CASE NO.:** 8:21 CV424 |
| v. | ) |
| | ) **CIVIL RICO** |
| **JEANIE GEORGE,** | ) **COMMON LAW TORTS** |
| **BENJAMIN M. BELMONT, &** | ) **JURY TRIAL DEMAND** |
| **WILLIAM OLIVER JENKINS,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction is proper for this Action under 28 U.S.C. 1332 as Plaintiff is a Citizen and Resident of the State of Texas and all Defendants are Residents of the State of Nebraska. Federal question Jurisdiction for this Lawsuit is also found pursuant to 18 U.S.C. § 1964. Venue is also proper as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

2. The Federal Abstention Doctrine does not apply in this Case. The George's Divorce Case is absolutely, unequivocally, over, and notwithstanding any post Decree Motions that *may* still be pending, Plaintiff's Claims herein do not relate, *at all*, *in any way*, to the George's Divorce Decree. and are completely distinct Claims for Fraud, other common law torts, civil RICO, etc.

3. The Domestic Relations Exception to federal court jurisdiction does not apply to
the procedural history, facts, or claims in this Complaint, and the Abstention
Doctrine may not be properly invoked here. (*Ankenbrandt v. Richards* 504 U.S.
689 (1994))

4. Neither does any Attorney Immunity defense apply to the Lawyer Defendants in
this case. because the claims herein are against the lawyers for their conduct
outside thescope of their representation of Mrs. George.

## PARTIES

5. Plaintiff Alexander George has a residential address of 2001 New Castle Circle,
Plano, TX 75070.

6. Defendant Jeanie George has a residential address of 640 Bailey Circle, Papillion,
NE 68046.

7. Defendant Benjamin M. Belmont is a Nebraska Attorney, with an office address
of 10855 West Dodge Road, Suite 100, Omaha, NE 68154.

8. Defendant William Oliver Jenkins is a Nebraska Attorney and partner of
Defendant Belmont, with an office address of 10855 West Dodge Road, Suite 100,
Omaha, NE 68154.

## NATURE OF THIS ACTION

9. This Action is a Civil RICO Action and Action for Common Law Torts against
three Defendants for injuries sustained by Plaintiff in his business, property
Defendants functioned, through their individual predicate acts, together as a
criminal enterprise, in a conspiracy to defraud Plaintiff of his property, assets and

2

reputation, during the pendency of the Plaintiff's and Defendant Jeanie George's Divorce Proceeding. Through Defendants' actions, omissions, misrepresentations, and fraud, Plaintiff has been severely damaged, in an amount to be determined at trial. All Defendants committed indictable offenses which will be detailed in Plaintiff's Factual Allegations below, and which give rise to Plaintiff's Claims for violations of RICO, and the commission of Common Law Torts. For example, Defendant Belmont suborned perjury from Defendant Jeanie George by allowing her to testify that Plaintiff's income was in excess of $90,000/ year, when Plaintiff's tax returns for 2017 through 2020 proved that his income actually was less than $10,000 for each of those years.

10. Defendants also discriminated, conspired against and acted malevolently and criminally toward Plaintiff because he is an older male of Indian descent. The duration of the pattern of racketeering activity among the Defendants now exceeds three years.

## **FACTS SPECIFIC TO DEFENDANT BELMONT**

11. Plaintiff married Jeanie George on October 25, 2002 in Omaha, Douglas County, Nebraska.

12. Plaintiff was diagnosed by Tammy O. Wichman, M.D. with pulmonary hypertension on April 9, 2015. Dr. Wichman classified Plaintiff's serious chronic medical condition as "disabling hypertension".

3

13. On an unknown date, Plaintiff was issued a handicap permit number P994944 by the Nebraska Department of Motor Vehicles.

14. Plaintiff filed a Complaint for Dissolution of Divorce in December 2017. Defendant Jeanie George retained Defendant Benjamin Belmont to defend her in the divorce proceeding.

15. During formal discovery proceedings in the divorce matter, Plaintiff provided Defendant Belmont evidence of his medical disability, collectibles, insurance settlements, and his assets.

16. The matter was unable to be mediated and proceeded to a bench trial on August 6, 2019; August 8, 2019; September 16, 2019; September 18, 2019; and November 7, 2019.

17. During the bench trial, Defendant Belmont falsely stated that Plaintiff had been awarded $50,000.00 in an insurance settlement.

18. At the time Belmont made this false statement, and argued it to the Court, he knew the statement to be false. In fact, Plaintiff had provided in Responses to Requests for Production of Documents served upon Defendant Belmont evidence that the alleged $50,000 insurance settlement was false.

19. The evidentiary Letter from the insurance company states: "This inventory sheet provides a total value of personal property items you claim were stolen of $4,631.20. Please note that this amount falls below your policy deductible of $10,200. Therefore, your personal property claim falls below the policy deductible. As such, no payment will be issued on this claim for your personal

4

property loss as the total loss falls below your policy deductible. Please see attached certified copy of your policy in effect at the time of this loss." (**Exhibit 1**)

20. During the bench trial, Defendant Jeanie George, in her testimony or exhibits, falsely omitted at least $900,000.00 in collectibles never returned to Plaintiff that included a lithograph autographed by Picasso, paintings by Dali, and Jeff Koterba; baseball cards; holiday Barbie and other dolls; and autographs of presidents and celebrities.

21. Defendant Belmont falsely purported and allowed his client Defendant Jeanie George to falsely purport that the "artwork" was kept in storage in the basement and was destroyed when the basement flooded from an ice melt. However, no police report or insurance claim for the collectibles were ever filed by Defendant Jeanie George.

22. During the bench trial, Defendant Belmont falsely submitted facts or recklessly adduced testimony to the Court that Plaintiff was not disabled, when Defendant had a Physician's letter stating that he was. (**Exhibit 2**) Plaintiff's Cardiologist Dr. White and Critical Care Physician Tammy Wichman told Jeanie George that Plaintiff was very ill, and could die at any time. Nevertheless, the Defendants continued to conspire against Plaintiff to injure him in his business and property.

23. After the bench trial, the Court took all evidence and testimony presented under advisement and issued a delayed ruling due to Judge Dougherty's health condition, a ruling that was based on Defendants Jeanie George's and Benjamin

5

Belmont's fraudulent testimony.

24. Defendant Benjamin M. Belmont billed Jeanie George at least twenty-five thousand dollars ($25,000) in attorneys' fees, and sought in a proposed order he drafted, for that amount to be awarded to him in the Divorce Decree, payable by Plaintiff.

25. Defendant Belmont, through his fraudulent misrepresentations to the Divorce Court regarding the respective income and assets of the Georges, and that Plaintiff was not disabled, when he knew that Plaintiff was, committed predicate acts which are indictable offenses, in furtherance of the civil conspiracy to defraud Plaintiff.

26. Defendant Belmont misrepresented Plaintiff's income to the Court, though Plaintiff's tax returns for years 2017 through 2020 show that he made less than $10,000 each of those four years. Plaintiff's child support obligations were based on the misrepresentations of Belmont. (**Exhibits 3-6, Tax Returns**)

27. Defendant Belmont has totally failed to seek any objection, amended judgment, motion for new trial, or appeal because of the fraudulent facts and/or false evidence that he willfully and knowingly submitted to the Court.

28. In making fraudulent misrepresentations of material facts and submitting false evidence in order to secure a judgment favorable to his client Jeanie George, Defendant Belmont engaged in conduct that misled the District Court of Douglas County, Nebraska. Those misrepresentations are indictable acts and predicate acts in the Civil Conspiracy among Defendants to injure Plaintiff in his business

6

29.     Defendant Belmont also forced Plaintiff to sign over Property deeds, attendant to the George's Divorce Decree, under duress, and threat of Contempt by Belmont. The first Deed was for 110 North Washington Road, Papillion NE, and the second was for 640 Bailey Circle, Papillon, NE, which property Plaintiff owned prior to his marriage to Mrs. George.

30. Plaintiff was so ill during his divorce trial, from pulmonary hypertension, that he suffered decreased cognitive function and was unable to respond adequately to cross-examination by counsel.

31. Defendant Belmont argued that Plaintiff was unfit to parent his minor children because of Plaintiff's medical disabilities, causing Plaintiff great mental and emotional distress, and causing alienation of the relationships with his minor children.

32. During the Summer of 2021, Ben Belmont told Attorney Will Gilner that he had demonstrated to the Douglas County Court, and Judge Dougherty, that Plaintiff was a "fraud". Will Gilner also told Ben Belmont that the Replevin Lawsuit Ben filed for Jeanie George against Steve Burns was facially flawed, because Jeanie George owed Steve Burns thousands of dollars in unpaid storage fees, of which unpaid fees Ben was aware. Steve Burns was not interested in selling the stored vehicles, he was only interested in collecting the storage fees he was owed, per the Court Order (Divorce Decree) by Judge Dougherty. These conversations took place outside the Douglas County Courthouse. (**Exhibit 7, Divorce Decree**) Exibit 7 A MB

## FACTS SPECIFIC TO DEFENDANT JEANIE GEORGE

33. Defendant Jeanie George stole $900,000.00 in collectibles owned by Plaintiff that included a lithograph autographed by Picasso, paintings by Dali, and Jeff Koterba; baseball cards; holiday Barbie and other dolls; and autographs of presidents and celebrities. Defendant Belmont aided and abetted this theft during the pendency of the Georges' divorce trial by not requiring disclosure of the assets by Defendant Jeanie George. Defendant Jeanie George made the false representation that these valuables had been destroyed in a flood, but she never filed an insurance claim.

34. Jeanie George effectively stole a commercial property owned by Plaintiff, located at 13606 A Street, Omaha, NE, from Plaintiff, who owned the property as part of the settlement from his first marriage, and had made payments on it until he was able to retire the mortgage with proceeds from a lawsuit he had won. Under duress from the physical and emotional abuse he suffered at the hands of Mrs. George, he quit-claimed the property to Blue Jay Termite and Pest Control, Inc. an entity wholly owned by Mrs. George.

35. Jeanie George was also awarded sole ownership of the marital domicile, 640 Bailey Circle, Papillion, Sarpy County, NE through the Defendants' conspiracy, which Plaintiff had purchased and owned outright by himself, prior to the Georges' marriage. Plaintiff paid the down payment for this property, and subsequently sold his business Home Pest & Termite to raise

9

the money to pay off the mortgage. Plaintiff is the rightful owner of this real estate.

36. Jeanie George fraudulently signed Plaintiff's signature on the Georges' Joint 2015 Federal Tax Return, misappropriating, without Plaintiff's consent, his signature from their 2016 Return. (**Exhibit 8, 2015 Tax Return, Exhibit 9, 2016 Return**)

37. Jeanie George failed to make payments on Plaintiff's Denali and Camaro automobiles, as required by the terms of the Georges' Divorce Decree, thereby damaging Plaintiff's FICO score, and raising his borrowing costs.

38. Defendant Jeanie George, during the operation of Blue Jay Roofing, which Jeanie George owned until the Judge awarded it to Plaintiff in the Parties' Divorce Settlement, took a deposit from a customer, Nancy Fullwood, for siding for Fullwood's home, and put it in her personal account at Security. She thereafter fraudulently represented that Plaintiff had taken the deposit, as did Defendants Belmont and Jenkins.

39. Defendant Jeanie George stole two guns belonging to Plaintiff, namely a Beretta and a Saug, during the pendency of the Georges' divorce proceeding.

40. Defendant Jeanie George refused to turn over documents belonging to Plaintiff, including his Birth Certificate, his Diploma, his U.S. Citizenship papers, and his Social Security Card, which caused the Douglas County District Court to find that Plaintiff was not disabled, which damaged Plaintiff

in how he was treated financially in the Court's Decree.

41. Jeanie George proffered perjured testimony during the Georges' divorce trial by failing to disclose the income she was earning from her cat business, and from her roofing and pest control businesses. This negatively impacted the amount of child support that Plaintiff was ordered to pay.

42. Jeanie George testified during the Trial that Plaintiff was abusive to the Georges' children, and her attitude and attempts to turn the children away from their father have resulted in Plaintiff not having any meaningful regular contact with his children for almost four years. Jeanie George alienated the children's affections away from their father.

43. Jeanie George forced the Plaintiff's Fourth Son, and First Child with Jeanie George, Nathanial (age 18), to testify against his father during the divorce trial, and it was obvious that Nathanial was testifying under great duress. Jeanie threatened to take Nathanial's Camaro away from him, not pay his college tuition, buy his clothing, etc., if he did not testify. Plaintiff's first three children are all college graduates. Alexander, the oldest, graduated from Virginia Tech. Mary George graduated from UVA with a degree in Bio-Nano Engineering and Chemistry. Andrew graduated from Virginia Tech with a Construction Management Degree. Nathanial received a full scholarship to the University of Notre Dame, and is a Creighton Prep Honors Graduate.

44. Jeanie George, represented by Defendant Belmont, sued Steven Burns for

11

Replevin of vehicles which Plaintiff had purchased with settlement money from his Lawsuit against Pfizer. The vehicles were titled in the name of Blue Jay Termite and Pest Control, Inc., due to Jeanie George's abuse of Plaintiff, and her continual harassment of Plaintiff, to give her more assets. Plaintiff placed the vehicles in Burns' storage facility but Jeanie George subsequently failed to pay the monthly storage fees. On December 31, 2017, Jeanie George gave Steve Burns a check for $250 and a letter which stated that Alex George no longer had access to the vehicles, and was not responsible for payment of storage fees. District Court Judge Dougherty, in the George's Divorce Decree, ordered both vehicles be sold and the proceeds split. However, Jeanie George subsequently got possession of the vehicles through her lawsuit against Steve Burns, which lawsuit was fraudulent. Plaintiff has just learned that one of the automobiles has been sold for $17,000 and that Defendant Benjamin Belmont is maneuvering for Defendant Jeanie George to keep all of the money from the sale of the vehicles, in contravention of the Douglas County Court's Order. Defendant Belmont knew that Jeanie George owed Steve Burns past storage fees but failed to represent that to the Court.

45. Jeanie George was awarded the Blue Jay Roofing phone number in the Divorce Decree, and Plaintiff was awarded the name Blue Jay Roofing. Defendant Jeanie George nevertheless used and marketed the name Blue Jay Roofing and the phone number, to drive business to her new enterprise called Prime Roofing.

12

46. While they were married, Defendant Jeanie George never allowed Plaintiff to put his name on any of their business accounts, including Blue Jay Termite and Pest Control, Inc., and Blue Jay Roofing (a d/b/a/ of Blue Jay Termite and Pest Control, Inc). In December 2017, Jeanie George put Plaintiff's name on the accounts, with restrictions on Plaintiff. This was in anticipation of Defendant Jeanie George getting divorced from Plaintiff, and Plaintiff then being partially responsible for the income from their businesses. However, Jeanie George was receiving all of the income from the businesses, and making many cash expenditures from that income, for example, paying employees in cash, therefore much of the business income was not reported. In her deposition during the divorce trial, Jeanie George admitted to using the business account for personal expenses, and that business income was not reported. In her deposition during the divorce trial, Jeanie George admitted to using the business account for personal expenses.

## SPECIFIC FACTUAL ALLEGATIONS AGAINST WILLIAM OLIVER JENKINS

47. Defendant Benjamin Belmont, with Oliver Jenkins present, represented to the Divorce Court that Plaintiff stole a $6,000 check, paid by Blue Jay Roofing Customer Nancy Fullwood, when the check was actually deposited into an account owned by Jeanie George, and Plaintiff never received those funds. This misrepresentation was a part of the conspiracy between Jeanie George, Ben Belmont, and Oliver Jenkins, to represent that Plaintiff had committed a

13

felony, alleging he had stolen the funds from Nancy Fullwood. After being

sued by Mrs.Fullwood, Jeanie George returned the funds to her.   Exibit /o

## COUNT ONE - VIOLATION OF THE NEBRASKA DECEPTIVE TRADE PRACTICES ACT (NCPA, NEB. REV. STAT. § 59-1602) - AS AGAINST DEFENDANT JEANIE GEORGE

48. All preceding paragraphs are incorporated herein as if fully set forth at length.

49. By misappropriating Plaintiff's Trade Name, Blue Jay Roofing, which

business name belonged to Plaintiff as per the terms of the Georges' Divorce

Decree, and using it along with the Blue Jay Roofing phone number Mrs.

George wasawarded as part of that same Decree, Defendant engaged in an

act or practicethat constitutes an unfair method of competition or a deceptive

trade practice in the conduct of trade or commerce; Defendant's conduct

affected the publicinterest; Plaintiff was injured in its business or property

by Defendant's deceptive trade practice; and, Plaintiff suffered damages as

the result.

## COUNT TWO- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - AS AGAINST DEFENDANTS, GEORGE, BELMONT AND JENKINS

50. All preceding paragraphs are incorporated herein as if fully set forth at length.

51. Defendants, collectively and individually, acted intentionally or recklessly in

their treatment of Plaintiff; Defendants' conduct was extreme and outrageous;

Defendants' actions caused Plaintiff emotional distress; and Plaintiff's

emotional distress was severe.

## COUNT THREE - RICO - 18 U.S.C. 1964 – ALL  DEFENDANTS

14

52. All preceding paragraphs are incorporated herein as if fully set forth at length.

53. All Defendants, acting collectively, and through their individual predicate acts, engaged in, a pattern of racketeering activity, connected to the acquisition, establishment, conduct, or control of an enterprise, namely the enterprises that Plaintiff had created and built in his adult life, prior to the time he met Defendant Jeanie George, which enterprises produced material wealth and possessions, and which Defendants, acting in concert, sought to defraud Plaintiff of said wealth and possessions, which rightfully belonged to him.

## COUNT FOUR - FRAUD ON THE COURT - AS AGAINST JEANIE GEORGE, BENJAMIN BELMONT, AND WILLIAM OLIVER JENKINS

54. All preceding paragraphs are incorporated herein as if fully set forth at length.

55. Defendants Jeanie George, Benjamin Belmont and William Oliver Jenkins engaged in a scheme by which the integrity of the judicial process was fraudulently subverted, and which scheme, if not addressed, affects and involves more than just Plaintiff's injuries, but many persons going through divorce proceedings in state courts, not just in Nebraska or Texas, but throughout the United States of America.

## COUNT FIVE - CIVIL CONSPIRACY - AS AGAINST DEFENDANTS GEORGE, BELMONT & JENKINS

56. All preceding paragraphs are incorporated herein as if fully set forth at length.

57. All Defendants entered into an agreement with at least one other Defendant; to deprive Plaintiff of his business, property, money and material possessions;

16

all Defendants committed acts which were in furtherance of that Agreement and Conspiracy; and Plaintiff suffered substantial economic losses as the result of that Agreement and Conspiracy.

## COUNT SIX – 42 USC 1983 – DEPRIVATION OF PROCEDURAL DUE PROCESS UNDER COLOR OF LAW – CONST. AMEND. V & XIV

58. All preceding paragraphs are incorporated herein as if fully set forth at length.

59. If Judge Duane C. Dougherty were a Defendant in this Action, which he is not, he would be a State Actor for the purposes of this Claim.

60. Attorneys Belmont and Jenkins, acting in concert, and as State Actors, deprived Plaintiff of his rights, privileges and immunities under the United States Constitution, namely, his right to due process of law during the pendency and conduct of his divorce action, damaging Plaintiff severely as a result.

## COUNT SEVEN – FRAUD – AS AGAINST ALL DEFENDANTS

61. All preceding paragraphs are incorporated herein as if fully set forth at length.

62. All Defendants knew that representations were made; that the representations were false; or made recklessly without knowledge of their truth or falsity, and as positive assertions; they were made with the intention that the Plaintiff should rely upon them; that the Plaintiff reasonably did so rely; and the Plaintiff suffered damage as a result, in a measure to be determined at trial.

## COUNT EIGHT – DEFAMATION – AS AGAINST JEANIE GEORGE

63. All preceding paragraphs are incorporated herein as if fully set forth at length.

64. Ms. Jeanie George made false statements of facts about Mr. George to the employees of Mr. George, calling him a "Terrible Father" and "Abusive" among other things; these statements caused both reputational damage and financial injury to Mr. George; Mrs. George knew these statements were false at the time she made them, and she acted with malice in making these statements, thereby defaming Plaintiff.

## PRAYER FOR RELIEF

Plaintiff Alexander George prays this Honorable District Court for the District of Nebraska grant him the following relief:

a. Compensatory damages in an amount to be determined at trial,

b. Treble damages for the CIVIL RICO violations alleged herein in the amount of $100,000,000,

c. Any and all other relief deemed Just in these Premises.


Respectfully Submitted,

_Alexander George_        ad 31, 21

Alexander George, *Pro Se*
2001 New Castle Circle
Plano, Texas 75075
972.802.3218
bluejaycontractors@gmail.com

18

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Alexander George, Pro-Se

**DEFENDANTS**

Jeanie George
Benjamin Belmont

**(b)** County of Residence of First Listed Plaintiff   Collin County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Sarpy
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
2001 New Castle Circle
Plano, TX 75070
972.802.3218

Attorneys *(If Known)*

Not known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |   |   |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 96 (1964)

Brief description of cause:
Parties (Ex-spouse and attorneys conspired to deprive Plaintiff of Liberty, Property, Due Process)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
Amount deter. at trial

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   John M. Gerrard   DOCKET NUMBER 8:20-cv-529

DATE
October 29, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.