IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXANDER GEORGE,

                Plaintiff,

vs.

JEANIE GEORGE, et al.,

                Defendants.

8:21-CV-424

MEMORANDUM AND ORDER

The plaintiff, Alexander George, has filed three motions for preliminary injunctive relief directed at his ex-wife's attorney, Benjamin Belmont. Filing 5; filing 16; filing 19.[1] The Court will deny the plaintiff's motions.

BACKGROUND

The plaintiff first sued Belmont in this Court in 2020 for various tort claims arising out of Belmont's representation of the plaintiff's ex-wife during their divorce proceedings. *See George v. Belmont*, No. 8:20-CV-529, 2021 WL 2117243, at *1 (D. Neb. May 25 2021), *aff'd*, No. 21-2260, 2021 WL 5895134 (8th Cir. Dec. 14, 2021). The Court dismissed that case based on *Younger* abstention, because the plaintiff and his ex-wife had pending motions in state court to modify their divorce decree. *Id*. at *4 (citing *Younger v. Harris,* 401 U.S. 37 (1971)). The plaintiff appealed but the Eighth Circuit affirmed the Court's judgment. *George*, No. 21-2260, 2021 WL 5895134.

Undeterred, the plaintiff filed the instant case, this time suing Belmont, Belmont's partner, and his own ex-wife (although only Belmont is implicated

---

[1] As the Court reads the motions, the most recent—filing 19—subsumes the others. Accordingly, the Court will focus on filing 19, and will deny filing 6 and filing 15 as moot.

by the plaintiff's motion for preliminary injunction). Filing 1. With respect to Belmont, the plaintiff's complaint alleges claims for intentional infliction of emotional distress, RICO, "fraud on the Court," civil conspiracy, denial of due process of law, and fraud. Filing 1 at 14-17. As relief, the plaintiff seeks compensatory damages, treble damages under RICO, and "[a]ny and all other relief" deemed just. Filing 1 at 16.

The plaintiff's motions for preliminary injunctive relief both allege and request more. Specifically, he alleges Belmont has made false statements about him regarding his disability, said he's an unfit father, and insulted and threatened him. Filing 19 at 5-6.[2] So, he asks the Court to enjoin Belmont from:

- Misrepresenting the plaintiff's medical condition,
- Claiming that the Georges' divorce action remains pending,
- Forcing the plaintiff to obtain a life insurance policy,
- Forcing the plaintiff to pay attorney's fees,
- Stating that the plaintiff is an unfit father,
- Insulting or intimidating the plaintiff, or
- Coming within 500 feet of the plaintiff.

Filing 19 at 1-2.

---

[2] The Court notes that despite a section of his filings being captioned "Affidavit," none were notarized or made under oath, nor do they contain the certification required of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. § 1746. While they refer to the plaintiff's statements being "subject to the penalties for unsworn falsification to Authorities," filing 19 at 5, that is not the same thing as declaring "under penalty of perjury" that his statements are "true and correct." *See Zubrod v. Hoch*, 907 F.3d 568, 574 (8th Cir. 2018). Accordingly, while the plaintiff's motions are without merit for several reasons, among them is this: the Court has been provided with literally no competent *evidence* supporting either motion.

DISCUSSION

In an ordinary case, when deciding whether to issue a preliminary injunction, the Court weighs the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013); (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). But this is not an ordinary case.

That's because as a preliminary matter, the Court must evaluate the extent to which the plaintiff's substantive claims even relate to the injunctive relief he requests. A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And that means establishing a relationship between the injury claimed in the plaintiff's motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Pavek v. Simon*, 467 F. Supp. 3d 718, 763 (D. Minn. 2020); *see Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996). A preliminary injunction that bears no relationship to the claims and events alleged in the complaint would be unworkable, as the issues giving rise to that injunction would not be addressed, let alone resolved, at trial. *Zhou v. Int'l Bus. Machs. Corp.*, 167 F. Supp. 3d 1008, 1011 (N.D. Iowa 2016).

Here, a relationship is hard to find. To begin with, the plaintiff's complaint doesn't even seek final injunctive relief, meaning that the plaintiff is improperly asking for a preliminary injunction providing more relief more than could be granted finally. *See De Beers Consol. Mines v. United States*, 325

U.S. 212, 220 (1945). And some of what the plaintiff asks for, such as what would effectively be a state-law protective order, are wholly unrelated to the plaintiff's substantive claims. *See Devose*, 42 F.3d at 471.

But even assuming that some of the plaintiff's requests are related to his underlying claims, the *Dataphase* factors preclude relief. In deciding whether to grant a preliminary injunction, likelihood of success on the merits is the most significant factor. *Laclede Gas Co. v. St. Charles Cty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). A party seeking injunctive relief need not necessarily show a greater than 50 percent likelihood that it will prevail on the merits. *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 731 (8th Cir. 2008). But the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied. *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

And in this case, the Court is unpersuaded that the plaintiff has any greater likelihood of succeeding against Belmont than he did the first time. The plaintiff insists—alleges, even—that the Georges' divorce "is absolutely, unequivocally, over, and notwithstanding any post Decree Motions that may still be pending, Plaintiff's Claims herein do not relate, at all, in any way, to the George's [sic] Divorce Decree. and are completely distinct Claims for Fraud, other common law torts, civil RICO, etc." Filing 1 at 1. It's peculiar, then, that the plaintiff's request for injunctive relief is quite obviously directed at regulating the conduct of his ex-wife's counsel in a divorce proceeding that supposedly "is absolutely, unequivocally, over."

If anything, the plaintiff's demands for injunctive relief mean that this case implicates *Younger* even more than his first suit. Not only does the plaintiff's complaint seek damages "deliberately intended to undo the state court's property settlement based on factual findings necessarily contradicted

by its decree," *see George,* 2021 WL 2117243, at *4, but his motion for preliminary injunction asks the Court to *directly* interfere in the conduct of a pending state proceeding. Some of his requests, such as enjoining Belmont from "forcing Mr. George to attempt to obtain a life insurance policy" or "forcing Mr. George through state court action to pay Mr. Belmont's attorneys' fees," are obviously intended to prevent the state court from awarding such relief.

The Court is not persuaded, at this point, that the plaintiff is likely to succeed on his claims against Belmont. And the Court is in a better position to speculate here than in most cases where preliminary injunctive relief is sought, because the Court *has* disposed of the plaintiff's claims against Belmont before. In this instance, the past predicts the future.

That finding is dispositive of the plaintiff's motion. But for the sake of completeness, the Court also notes that many of the plaintiff's requests seem to attack the basis for awards which might be made by the state court that, in addition to implicating abstention, could be fully remedied by an award of money damages (which, it is again worth noting, are all the plaintiff's complaint expressly asked for). And harm is not irreparable when a party can be fully compensated for its injuries through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC,* 563 F.3d 312, 319 (8th Cir. 2009).

Moreover, the balance of harm between the parties weighs against the plaintiff—the Court finds little precedent suggesting that it's appropriate for a federal court to deprive the plaintiff's ex-wife of her chosen counsel in a state court proceeding, or preclude arguments her counsel might make on her behalf. Nor can the Court find that the public interest is supported by injunctive relief when awarding it would run contrary to the "strong federal policy against federal-court interference with pending state judicial proceedings absent

extraordinary circumstances." *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Accordingly,

IT IS ORDERED:

1.     The plaintiff's second amended motion for preliminary injunction (filing 19) is denied.

2.     The plaintiff's motion for preliminary injunction (filing 5) and amended motion for preliminary injunction (filing 16) are denied as moot.

Dated this 3rd day of March, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge